J-S15022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RUSSELL A. WALLERY, | |
| Appellant | No. 3243 EDA 2014 |

Appeal from the PCRA Order Entered October 22, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001596-2009

BEFORE:  BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

CONCURRING MEMORANDUM BY BENDER, P.J.E.: **FILED AUGUST 02, 2016**

I am compelled to concur with the Majority that, under the law as it currently stands, we cannot review Appellant's claims of PCRA counsel's ineffectiveness, as they are being raised for the first time on appeal.  I write separately, however, to express my continued disagreement with the legal authority that prevents such review and makes it impossible, in cases such as this, for a petitioner to obtain state-level relief for the ineffective assistance of the attorney representing him in the litigation of his first PCRA petition.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] For more on this point, see my dissenting opinion in **Commonwealth v. Henkel**, 90 A.3d 16, 32-37 (Pa. Super. 2014) (_en banc_) (J. Bender, dissenting).

Here, Appellant was represented by the ostensibly ineffective attorney during the entire litigation of his petition before the PCRA court; thus, he could not have filed a *pro se*, amended petition asserting his ineffectiveness claims below.[2] **See Commonwealth v. Cooper**, 27 A.3d 994, 1000 n. 9 (Pa. 2011) (stating that a "criminal defendant has no right to hybrid representation in either [the] trial or appellate courts"). Additionally, current counsel, Tyree Blair, Esq., was not appointed to represent Appellant until this appeal was underway; therefore, the PCRA court would have been without jurisdiction to rule on any ineffectiveness claims, even had Attorney Blair attempted to raise them below. Finally, more than one year has passed since Appellant's judgment of sentence became final; consequently, he cannot file a timely, second petition asserting the claims he raises herein, nor would raising such claims meet any exception to the PCRA's one-year time-bar. **See** 42 Pa.C.S. § 9545; **Commonwealth v. Morris**, 822 A.2d 684, 694–95 (Pa. 2003) (stating that claims of PCRA counsel's ineffectiveness do not save an otherwise untimely PCRA petition).

In sum, Appellant was - and continues to be - completely deprived of any ability to enforce his rule-based right to effective assistance of PCRA counsel at the state level. In cases such as this, I firmly believe that this Court should be permitted to assess PCRA counsel ineffectiveness claims

---

[2] In any event, I would also decline to expect a *pro se* litigant to recognize, and correctly assert, claims of PCRA counsel's ineffectiveness.

that are raised for the first time on appeal, or at least have the power to remand to the PCRA court for its examination in the first instance. Unfortunately, decisions by our Supreme Court, and a majority of this Court in **Henkel**, have precluded us from doing so.